KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674 [Telephone]
(785) 825-5936 [Fax]

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| PAUL FARRELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. _____ |
| | ) | |
| KINDER MORGAN G.P., INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## COMPLAINT

Plaintiff Paul Farrell ("Paul"), for his cause of action against Defendant Kinder Morgan G.P., Inc. ("KMI"), states and alleges as follows:

**Parties**

1. Paul is a resident of Saline County, Kansas.

2. KMI is a Kansas Corporation and may be served with process by service on its registered agent for service of process, Capitol Corporate Services, Inc., 700 S.W. Jackson, Suite 100, Topeka, KS 66603.

**Jurisdiction**

3. The Court has jurisdiction over the parties and subject matter of this action pursuant to 29 U.S.C. § 216(b).

**Venue**

4. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

**Allegations of Fact**

5. Paul is a 55-year old man who lives near Brookville, Kansas. He has worked for KMI or its predecessors for approximately 31 ½ years most recently out of its Glasco, Kansas office.

6. Paul's most recent job title is Telecommunications Tech III and his hourly rate of pay was $43.56 per hour. His job duties require a great deal of travel so that he can perform repair and maintenance at compressor stations and communication towers throughout central Kansas.

7. KMI had a policy that purported to limit the amount of overtime Paul could work; however, due to the demands of his job he nevertheless worked a substantial amount of overtime. Specifically, Paul worked an average of 60 hours per week and was generally paid for only 40 hours.

8. Paul's supervisors knew or should have known he was working these additional hours because of his expense documentation and other information generated by him showing that he was working well in excess of 40 hours per week. Moreover, the requirements of Paul's job made it impossible for him to complete all his assigned tasks in a 40-hour work week.

9. During his employment, Paul received very good job reviews and did not receive any disciplinary action. Nevertheless, KMI terminated Paul's employment on September 21, 2018. In spite of his long history of service, Paul received no explanation for his termination and KMI did not oppose his claim for unemployment. Accordingly, Paul remains at a loss to understand why he was terminated.

10. Following his termination, KMI has failed to return to Paul items of personal property belonging to him, including the following:

(1) His new Samsung Note 9 Cell Phone that he purchased for $500 from KMI;
(2) His 30-year service award which was a Milwaukee 4½ inch Cordless Angle Grinder with case;
(3) His personal HP graphing calculator, including a hard cover, Quick Start Guide, CD (connectivity software and User Guide), USB cable, and a USB power supply;
(4) Personal photos of his children and 2 best friends, both previously deceased;
(5) His personal paperwork concerning his Workers' Compensation case and 2 subsequent surgeries. This included invoices, personal notes, confidential files, work status and other reports, work comp time records, etc.

11. Shortly before he was terminated, Paul made a statement to a co-worker regarding the amount of overtime he was working. Based on information and belief, Paul believes that this statement was shared with a member of management, resulting in the decision to terminate his employment.

## COUNT I
## FAIR LABOR STANDARDS ACT

12. Paul realleges and incorporates herein the allegations contained in paragraphs 1 – 11 above.

13. KMI is liable to Paul under the Fair Labor Standards Act for his unpaid overtime, an equal amount for liquidated damages and attorney fees.

## COUNT II
## FAIR LABOR STANDARDS ACT

14. Paul realleges and incorporates herein the allegations contained in paragraphs 1 – 13 above.

15. KMI terminated Paul's employment in retaliation for him expressing concerns or sharing the amount of overtime he was working.

## COUNT III
## REPLEVIN

16. Paul realleges and incorporates herein the allegations contained in paragraphs 1 – 15 above.

17. KMI wrongfully withheld personal property listed in paragraph 10 and belonging to Paul and he is entitled to possession of same.

WHEREFORE, Paul respectfully requests that the Court enter judgment in his favor and against KMI in an amount in excess of $75,000.00 for damages and liquidated damages; that the costs of this action including attorney fees be assessed against KMI; and that the Court grant such other and further relief as it deems fair and equitable in the circumstances.

RESPECTFULLY SUBMITTED,

___/s/ Larry G. Michel_____
Larry G. Michel        #014067
KENNEDY BERKLEY YARNEVICH
& WILLIAMSON, CHARTERED
119 West Iron Avenue, 7th Floor
P.O. Box 2567
Salina, KS  67402-2567
(785) 825-4674
(785) 825-5936
lmichel@kenberk.com
ATTORNEYS FOR PLAINTIFF

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests pursuant to Fed.R.Civ.P. 38(b) that all issues of fact be tried to a jury.

 /s/  Larry G. Michel
Larry G. Michel

## DESIGNATION OF PLACE OF TRIAL

Pursuant to D.Kan. Rule 40.2, Plaintiff designates Topeka, Kansas as the place of Trial.

  /s/  Larry G. Michel
Larry G. Michel